J-S36030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                                         :

               v.                   :

WILLIAM EDWARD HALSEY         :

         Appellant        :    No. 2074 MDA 2018

Appeal from the Judgment of Sentence Entered November 19, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001712-2008

BEFORE:    PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:            **FILED SEPTEMBER 09, 2019**

Appellant, William Edward Halsey, appeals from the judgment of
sentence entered on November 19, 2018, in the York County Court of Common
Pleas. We affirm.

The trial court summarized the relevant facts and procedural history of
this matter as follows:

> On October 30, 2007, officers with the Pennsylvania State
> Police (PSP) executed a search warrant at [Appellant's] residence
> situated at 25 Plank Road, Shrewsbury Borough, York County,
> Pennsylvania. Officers discovered 25 grams of cocaine, some of
> which was packaged for sale and $6,600.00 cash in [Appellant's]
> bedroom. [Appellant] admitted the cocaine was his property and
> that he sells it. He was subsequently charged with possession with
> intent to deliver a controlled substance pursuant to 35 P.S. § 780-
> 113(30).
>
> Frank C. Arcuri, Esquire represented [Appellant] during trial
> proceedings. On June 24, 2008, [Appellant] entered an open
> guilty plea before the Honorable Judge Michael J. Brillhart and the
> [trial c]ourt deferred sentencing to August 25, 2008. On August

_____
\*    Retired Senior Judge assigned to the Superior Court.

25, 2008, in the interest of justice, sentencing was again deferred to October 27, 2008. On October 27, 2008, [Appellant] appeared for sentencing, but left the building to purportedly smoke a cigarette and never returned, thereby effectively failing to appear. The [t]rial [c]ourt issued a bench warrant, which remained active until [Appellant's] reemergence in York County ten years later on October 10, 2018.

On October 10, 2018, this [t]rial [c]ourt vacated [Appellant's] bench warrant and scheduled sentencing at the instant docket and [a probation[1]] violation matter docketed at CP-67-CR-3160-2006 for October 22, 2018. On October 22, 2018, [Appellant's] newly retained counsel, J. Rick Robinson, Esquire, filed a *Motion to Enforce Plea Agreement* alleging the Commonwealth's breach of performance duties relative to what was [a] bargained-for-exchange at the time of [Appellant's] guilty plea, specifically, a recommendation for a probationary sentence in exchange for [Appellant] forfeiting $50,000.00 cash derived from illicit drug sales and providing valuable intelligence to the York County Drug Task Force. Additionally, counsel requested a continuance so as to familiarize himself with [Appellant's] matter. This [t]rial [c]ourt granted counsel's continuance request and moved sentencing to November 19, 2018.

On November 19, 2018, this Court first convened a hearing on [Appellant's] *Motion to Enforce Plea Agreement*. After taking the testimony of [Appellant], former PSP Corporal Craig Fensteracher, former assistant prosecutor William Graff, Esquire, and Donna Halsey - [Appellant's] sister, this [c]ourt denied [Appellant's] motion, citing that the evidence was insufficient to

---

[1] The trial court refers to the matter at trial court docket 3160-2006 as a parole violation, Trial Court Opinion, 1/25/19, at 2, and both the Commonwealth and Appellant reference a parole violation or detainer. Commonwealth's Brief at 15; Appellant's Brief at 5. After our review of the record, it appears that the action taken relative to trial court docket 3160-2006 was a probation violation and resentencing. N.T., 11/19/18, at 1, 29. However, it is possible there was a parole detainer at a separate trial court docket. Nevertheless, because Appellant appealed only the judgment of sentence at trial court docket 1712-2008, the references to parole and probation matters at separate trial court docket numbers do not impact our discussion.

establish the existence of any agreement particularly in light of the fact that [Appellant] agreed to [an open guilty plea].

The Motion Hearing segued into [Appellant's] Sentencing Hearing where this [c]ourt sentenced [Appellant] as follows: three (3) to six (6) years of confinement in a State Correctional Institution at Docket Number 1712-2008; two and one half (2 ½) to five (5) years of confinement in a State Correctional Institution at Docket Number 3160-2006[, which was the probation revocation case], to run concurrently with the sentence imposed at 1712-2008. This [t]rial [c]ourt awarded [Appellant] 66 days of credit for time spent in custody and indicated on the record that he is eligible for a reduced sentence pursuant to the Recidivism Risk Reduction Incentive (RRRI) statute.

[Appellant] timely filed a Post-Sentence Motion on November 29, 2018, requesting a sentence modification based on [Appellant's] reputation, age, and health ailments. This [c]ourt denied [Appellant's] Post-Sentence Motion, without hearing, by Order on December 4, 2018. On December 18, 2018, [Appellant], by and through counsel, filed a timely Notice of Appeal to the Superior Court [at trial court docket 1712-2008].

Trial Court Opinion, 1/25/19, at 2-4 (internal footnote omitted) (footnote added). Both the trial court and Appellant complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant presents the following issues for this Court's consideration:

I. Whether the honorable trial court erred in denying Appellant's motion to enforce plea agreement in that the Appellant negotiated a proposed plea agreement with the Commonwealth and fulfilled all of his conditions/obligations and the Commonwealth did not follow through with the proposed agreement as to sentencing?

II. Whether the honorable trial court erred in denying Appellant's post sentence motion without a hearing/argument in that the

_____

[2] It does not appear that Appellant filed an appeal at trial court docket 3160-2006.

- 3 -

Appellant had proposed additional factors to consider which were not presented at sentencing?

Appellant's Brief at 4 (full capitalization omitted).

In his first issue, Appellant avers that the trial court erred when it denied his motion to enforce the plea agreement. Appellant's Brief at 4. In its opinion, the trial court concluded that Appellant waived this issue when he failed to move to withdraw his guilty plea. Trial Court Opinion, 1/25/19, at 6. Insofar as the trial court concluded that Appellant never moved to withdraw his guilty plea, we agree with that conclusion. The record reflects that Appellant did not move to withdraw his plea prior to sentencing pursuant to Pa.R.Crim.P. 591 or after sentence was imposed under Pa.R.Crim.P. 720.

As noted above, Appellant absconded prior to sentencing and was a fugitive for ten years. In *Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997), our Supreme Court addressed the impact of fugitive status as follows:

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system

of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

***Deemer***, 705 A.2d at 829.

Accordingly, because Appellant returned to the jurisdiction of the trial court prior to sentencing, he had available to him the opportunity to move to withdraw his guilty plea before and after sentencing. ***Deemer***, 705 A.2d at 829. Appellant availed himself of neither prospect. Therefore, any issue regarding the validity of the plea is waived. Pa.R.A.P. 302(a).

However, we decline to base our affirmance of Appellant's judgment of sentence on waiver. Appellant did not challenge the validity of his plea; rather, Appellant challenged the trial court's ruling on his motion to enforce the plea agreement. Pa.R.A.P. 1925(b) Statement, 12/31/18. Nevertheless, after review, we affirm the trial court's denial of relief, although we do so on separate grounds. ***See Commonwealth v. Yale***, 150 A.3d 979, 985 (Pa. Super. 2016) (stating that this Court may affirm the trial court's decision on any proper basis).[3]

---

[3] On the record, the trial court found that there was no evidence of a plea agreement. N.T., 11/19/18, at 27. However, in its Pa.R.A.P. 1925(a) opinion, the trial court concluded that Appellant waived this issue because he did not move to withdraw the plea. Trial Court Opinion, 1/25/19, at 6. Despite the trial court's finding of waiver, we agree with the trial court's on-the-record conclusion that there is no evidence of a plea agreement. As discussed herein, we affirm on that basis.

It is well settled that plea agreements must be enforced to avoid the perversion of the plea-bargaining system. ***Commonwealth v. Farabaugh***, 136 A.3d 995, 1001 (Pa. Super. 2016) (citation omitted).

> The disposition of criminal charges by agreement between the prosecutor and the accused, ... is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.... A mutuality of advantage to defendants and prosecutors flows from the ratification of the bargain.

***Id.*** (citing ***Commonwealth v. Parsons***, 969 A.2d 1259, 1267-1268 (Pa. Super. 2009) (*en banc*)). "Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." ***Id.*** (citation omitted). "Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." ***Id.*** Disputes over the terms of a plea agreement must be resolved by objective standards. ***Id.*** "A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication." ***Id.*** at 1001-1002.

In the case at bar, the record reveals that although Appellant entered a plea of guilty, there was no agreement relative to the sentence that the trial

court would impose. Guilty Plea Colloquy, 6/24/08, at ¶¶25-38.[4] Thus, there was no agreement that could be enforced or breached. Accordingly, we discern no error in the trial court denying Appellant's motion to enforce a plea agreement as there was no plea agreement.

In his second issue, Appellant avers that the trial court erred when it denied Appellant's post-sentence motion requesting a hearing on proposed mitigating sentencing factors that the trial court allegedly overlooked. Appellant's Brief at 4. An allegation that the sentencing court failed to consider mitigating factors implicates the discretionary aspects of one's sentence. ***Commonwealth v. McLaine***, 150 A.3d 70, 77 (Pa. Super. 2016). However, we are constrained to point out that, although Appellant mentions sentencing factors,[5] he has waived any challenge to the discretionary aspects of his sentence. Appellant has not included in his brief a Pa.R.A.P. 2119(f) statement, discussed the requirements necessary for appellate review of the discretionary aspects of a sentence, or developed any argument in this respect. *See **Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (discussing the requirements that must be satisfied in order to invoke this Court's jurisdiction and to obtain review of a challenge to the discretionary

---

[4] The only reference to sentencing was a handwritten addendum to paragraph 30, which read: "Any cooperation to be reported to Judge at sentencing." Guilty Plea Colloquy, 6/24/08, at ¶30.

[5] Appellant's Brief at 9.

aspects of one's sentence); *see also Commonwealth v. Simmons*, 846 A.2d 142, 145 (Pa. Super. 2004) (finding issues concerning discretionary aspects of sentence waived where Appellant failed to develop any argument for the claims). Appellant challenges only the trial court's failure to hold a hearing on his post-sentence motion. Appellant's Brief at 9-10. After review, we conclude that no relief is due.

After a post-sentence motion is filed, the trial court determines whether a hearing on the motion is necessary. Pa.R.Crim.P. 720(B)(2)(b). The decision to hold a hearing on a post-sentence motion is within the discretion of the trial court. *Commonwealth v. Gaffney*, 702 A.2d 565, 566 (Pa. Super. 1997); *Commonwealth v. Fowler*, 523 A.2d 784, 788 (Pa. Super. 1987).

Appellant argues that he attached to his post-sentence motion four letters attesting to his good character. Appellant's Brief at 10. However, Appellant asserts that because the trial court declined to hold a hearing, these letters were not considered, and it would have been "beneficial for the court to hear factors and input which was not received at the time of sentencing." *Id.*

The record reveals that the trial court heard testimony concerning mitigating sentencing factors including Appellant's age and cooperation with police. N.T., 11/19/18, at 6, 10. Additionally, in fashioning Appellant's sentence, the trial court specifically considered Appellant's prior criminal

record, the Sentencing Guidelines, and that Appellant was a fugitive for ten years. *Id.* at 21-31. The fact that Appellant is unhappy with his sentence does not permit this Court to second guess the trial court's discretion concerning the denial of his post-sentence motion or allow this Court to disturb the sentence the trial court imposed. If Appellant wanted this Court to review the trial court's consideration of mitigating factors as they relate to the duration of the sentence, Appellant should have challenged the discretionary aspects of his sentence. As noted, however, Appellant did not appeal the discretionary aspects of his sentence, and we will not review his claim in that context. After review, we conclude that Appellant has failed to establish that the trial court abused its discretion in declining to hold a hearing on his post-sentence motion.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2019